In the Matter of the Claim of LeRoy S. Duebel, Respondent, against Buffalo Pottery, Inc., et al., Appellant, and Liberty Mutual Insurance Co., Respondent. Workmen's Compensation Board, Respondent.— This is an appeal by the employer and its insurance carrier, the State Insurance Fund, from an award of the Workmen's Compensation Board in favor of claimant. The sole question presented is whether the appellant, the State Insurance Fund, or the respondent, Liberty Mutual Insurance Company, is liable for payment of awards of compensation to the claimant. The board found that on September 24, 1944, claimant, who was employed as a kiln foreman by the employer and while engaged in the regular course of his employment became totally disabled as a result of silicosis which was due to the nature of the employment and he was so totally disabled from that date to October 24, 1946. Awards of compensation were made in his favor against the employer and the Liberty Mutual Insurance Company which were paid. On October 24, 1946, claimant returned to work for the same employer on the same job and while so engaged he suffered a new exposure to harmful silica dust from October 24, 1946, to July 5, 1947, on which date he became totally and permanently disabled from silicosis. Prior to October 1, 1943, the State Insurance Fund had issued a policy of workmen's compensation to the employer which expired on October 1, 1943, and Liberty Mutual Insurance Company covered the risk from October 1, 1943, to October 1, 1946. On October 1, 1946, the State Insurance Fund again covered the risk. On July 5, 1947, the day on which the claimant became totally and permanently disabled from a new exposure to harmful silica dust, the State Insurance Fund covered the risk, and it continued such coverage during claimant's total permanent disability from July 5, 1947, to February 24, 1949. Award unanimously affirmed, with costs to Liberty Mutual Insurance Company against appellants. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

In the Matter of the Claim of Joseph A. Vilord, Appellant, against Village of Suffern et al., Respondents. Workmen's Compensation Board, Respondent.— Claimant is the chief of police in Suffern. In times of heavy traffic activity he occasionally did traffic duty, but this was not part of his regular work. On March 27, 1948, while he was strenuously directing traffic, he sustained a heart attack which disabled him. There is medical proof that the attack was associated with the strain of added physical activity; there is other medical proof that there was no such association. The board accepted the proof of nonassociation and dismissed the claim. That this may seem inconsistent with what the board has done in other cases offers no sufficient basis for judicial relief. (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447, 450.) Decision unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See 279 App. Div. 695.]